WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Raul Soto-Fong,<br><br>　　　　Petitioner,<br><br>v.<br><br>David Shinn,<br><br>　　　　Respondent. | No. CV-21-00337-TUC-SHR<br><br>**Order Adopting R&R** |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 34) issued by United States Magistrate Judge Jacqueline M. Rateau recommending the Court deny Respondent's "Motion to Lift Stay" (Doc. 32). Respondent has filed an Objection (Doc. 35). For the following reasons, the Court will adopt the R&R.

I.    **Background**

The Court accepts the following unobjected-to facts as set forth in the R&R (Doc. 34). Following a trial in Pima County Superior Court, Petitioner was found guilty of three counts of first-degree murder and other offenses committed when he was 17 years old and was initially sentenced to death. Petitioner's sentence was later vacated pursuant to *Roper v. Simmons*, 543 U.S. 551 (2005), and he was subsequently re-sentenced to various consecutive terms totaling at least 109 years of imprisonment.

In 2013, Petitioner sought post-conviction relief, arguing his sentence violates *Miller v. Alabama*, 567 U.S. 460 (2012), and *State v. Valencia*, 386 P.3d 392 (Ariz. 2016),

which require the superior court to determine whether his crimes reflect "irreparable corruption" prior to sentencing him—a juvenile—to life in prison without the possibility of parole. In October 2020, the Arizona Supreme Court ruled Petitioner was not entitled to relief. *State v. Soto-Fong*, 474 P.3d 34, ¶ 50 (Ariz. 2020).

In March 2021, Petitioner filed the instant Petition for Writ of Habeas Corpus, asserting the Arizona Supreme Court's decision was contrary to United States Supreme Court precedent and based on an unreasonable determination of the facts. On September 22, 2021, Respondent filed a limited answer arguing the Petition was untimely and should be dismissed. The same day, Petitioner filed a motion asking the Court to stay the case pending review of Petitioner's underlying state criminal conviction by the Pima County Attorney's Office ("PCAO"), the original prosecuting agency. In the Motion to Stay, Petitioner asserted PCAO's review of his "conviction and sentence" would "promote efficiency and judicial economy by avoiding potentially unnecessary litigation." Petitioner further asserted a stay pending review by PCAO would be "consistent with the principles of comity and federalism underlying habeas review." Respondent did not object to the Motion to Stay. On October 7, 2021, the Court granted Petitioner's unopposed motion and stayed the case pending PCAO's review. (Doc. 24.)

On June 25, 2025, Respondent filed a Motion to Lift Stay, requesting the Court lift the stay prior to completion of PCAO's review and dismiss Petitioner's Petition for Writ of Habeas Corpus. (Doc. 32.) On September 15, 2025, Magistrate Judge Rateau issued an R&R recommending the Court deny Respondent's Motion (Doc. 34), and Respondent timely objected (Doc. 35).

**II.  Standard of Review**

When reviewing a magistrate judge's R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If an objection is made to the R&R, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Objections to R&Rs "are not to be

construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work," and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." (citation omitted)).

### III.     Relevant Law

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, the Court weighs "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Those interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* Additionally, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"The standard for determining whether an existing stay should remain in place is the same as the standard for determining whether a Court should impose a stay in the first place." *MasterObjects, Inc. v. eBay, Inc.*, No. 16-CV-06824-JSW, 2018 WL 11353751, at *1 (N.D. Cal. Nov. 7, 2018); *see United States v. Fallbrook Public Util. Dist.*, No. 51-CV-1247-GPC(RBB), 2017 WL 1281915, at *2 ("The corollary to th[e] power [to grant a stay] is the ability to lift a stay previously imposed." (quoting *Boyle v. County of Kern*, No. 1:03-CV-05162-OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008)). "[T]he court

may abandon its imposed stay of litigation if the circumstances that persuaded the court to impose the stay in the first place have changed significantly." *Canady v. Erbe Elektromedizin GMBH*, 271 F. Supp. 2d 64, 75 (D.D.C. 2002) ("The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay.").

### IV.  Discussion

In its Objection, Respondent argues the stay should be lifted because Petitioner's habeas claim is "plainly meritless" and "continuing the stay . . . frustrates both the right of the victims to be free from unreasonable delay . . . as well as the State's right to be spared from unnecessary delays." (Doc. 35.)  However, Respondent did not initially object to the stay and has not shown any changed circumstances warranting a lift of the stay.  As discussed, the Court granted Petitioner's unopposed Motion to Stay to allow PCAO to review Petitioner's conviction and sentence.  (Doc. 24.)  Respondent does not assert PCAO's review has concluded, and Petitioner asserts the review "remains ongoing." (Doc. 31 at 2.)  Therefore, the circumstances underlying the Court's decision to stay these proceedings have not significantly changed.  *See Canady*, 271 F. Supp. 2d at 75; *see also Baxter Healthcare Corp. v. Becton, Dickinson and Co.*, No. 3:17-CV-2186 JLS-RBB, 2021 WL 22553, at *4 (S.D. Cal. Jan. 4, 2021) (refusing to lift stay "when Plaintiffs had the opportunity to file an opposition to Defendant's motion for a stay . . . and chose not to do so" and "[t]he circumstances under which the Court granted the stay ha[d] not changed significantly.")

Respondent additionally argues Magistrate Judge Rateau erred by "fail[ing] to consider the potential merit of Petitioner's *Miller* claim." (Doc. 35.)  However, as Judge Rateau stated, determining Petitioner's habeas claim is meritless upon consideration of a procedural issue, without full briefing from the parties, would be inequitable to Petitioner.  (Doc. 34 at 4.)  Further, the resolution of PCAO's review could render Petitioner's habeas petition moot should PCAO vacate his convictions or reduce his sentence.  As stated in the R&R, "[r]equiring the parties to fully brief a habeas claim—in not only this Court but invariably in the Ninth Circuit as well—that may ultimately prove moot would

unnecessarily invite a waste of the time and resources of this Court and the parties." (*Id.* (quoting Doc. 33 at 4).)

Having conducted a de novo review, *see* § 636(b)(1), the Court finds Petitioner's interests in staying the proceedings outweigh Respondent's interests in lifting the stay, *see Lockyer*, 398 F.3d at 1110. Accordingly, the Court will adopt the R&R's reasoning and conclusion and deny Respondent's Motion to Lift Stay (Doc. 32).

### V. Conclusion

**IT IS ORDERED** Magistrate Judge Rateau's R&R (Doc. 34) is **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** Respondent's Motion to Lift Stay (Doc. 32) is **DENIED.**

Dated this 5th day of February, 2026.

Honorable Scott H. Rash
United States District Judge